**In re Betty Gene ADKINS, Debtor.**

**Bankruptcy No. 79–02911–KZ.**

United States Bankruptcy Court,
S. D. California.

Oct. 2, 1980.

Craig E. Dwyer, San Diego, Cal., for debtor.

Jonathen R. Ellowitz, Newport Beach, Cal., for Avco.

## MEMORANDUM OF OPINION RE: MOTION FOR INJUNCTION

HERBERT KATZ, Bankruptcy Judge.

Betty Gene Adkins, debtor herein, filed a Motion seeking an injunction against Avco Financial from proceeding against her in a state court action seeking recovery of the collateral which she had pledged as security for a loan.

The facts are not in dispute. Prior to bankruptcy, the debtor obtained a loan from Avco Financial, pledging as security therefore her household furniture and furnishings.

On her bankruptcy petition, Schedule B–4, she scheduled these items as exempt. Pursuant to § 522(b) of the Bankruptcy Code she elected to claim her property exempt under § 522(d) of the Code, rather than the exemptions available pursuant to state law.

At the meeting of creditors called pursuant to § 341(a) of the Code, Mr. Foote, a representative of Avco Financial appeared to examine the debtor regarding the security pledged to Avco. At the conclusion of the meeting, Mr. Foote and Mr. Dwyer, counsel for debtor, had a discussion regarding a reaffirmation of the debtors obligation to Avco Financial.

At that time, Mr. Dwyer claims that he told Mr. Foote that his client intended to avoid Avco's lien under § 522(f) of the Code, or words to that effect. Mr. Foote alleges this was not the case. For purposes of this Opinion, I will assume that Mr. Dwyer's version of the discussion between himself and Mr. Foote is correct.

Thereafter, the debtors discharge was duly entered. No motion or complaint seeking to avoid Avco's lien under § 522(f) was ever filed or served upon Avco, either prior to the grant of the discharge to debtor or since.

Thereafter, Avco filed a complaint against the debtor in state court seeking to recover the items pledged as security for the loan to debtor.

To stop that action, debtor seeks an order permanently enjoining Avco from proceeding in the state court on the ground that Avco had notice of debtors intent to avoid their lien and since Avco did nothing to prevent the avoidance, the lien is avoided as a matter of law, Avco is an unsecured creditor discharged in the proceeding and subject to the injunction contained in the discharge entered pursuant to § 727 of the Code.

This motion raises two issues. The first relates to the type of notice to be given by a debtor to a creditor of the debtor's intent under § 522(f), and the second is the time frame in which such notice must be given.

To answer the first question one must examine § 522(f). That section permits a debtor to avoid a non–purchase money, non–possessory lien on certain types of property enumerated therein to the extent such lien impairs the debtor's exemption. The section is permissive. It is not auto-matic. It permits a debtor to avail himself of its lien avoidance provisions. But if the debtor does not choose to avoid the liens, it seems to me that the lien is not avoided. In other words, the debtor must act affirmatively to avail himself of the provisions of § 522(f).

It therefor is necessary to determine what affirmative action a debtor must take.

There are no official rules of bankruptcy procedure promulgated yet under the new Code. However, § 405(d) of the Bankruptcy Reform Act provides that the rules of procedure in effect on September 30, 1979, shall apply to cases under Title 11, U.S. Code, (the Bankruptcy Code), to the extent not inconsistent therewith.

An examination of the rules of Bankruptcy Procedure in effect on September 30, 1979, reveals that Rule 701 provides that the Adversary Proceeding Rules apply to proceedings instituted to determine the validity, priority or extent of a lien or other interest in property. Rule 701(3).

It cannot be gainsaid that the avoidance of a lien provided for in § 522(f) is the type of action referred to in Rule 701(3). It therefor seems that a party seeking to avoid a lien under § 522(f) must comply with the provisions of Part VII of the Rules of Bankruptcy and file a complaint seeking the relief sought unless Part VII is somehow inconsistent with the provisions of Title 11, U.S. Code. I cannot conclude that to be the case.

Hence, it was necessary for the debtor herein to file a complaint seeking to avoid Avco's lien and no other notice, certainly not an attorney's oral statement of what his client *intended* to do, would suffice. See *Boozer v. Kennesaw Finance Co.*, 4 B.R. 524, 2 C.B.C.2d 435 (N.D.Ga.1980) (§ 522(f) brought by complaint); *In re Lucero*, 4 B.R. 659, 6 B.C.D. 477 (D.Colo.1980) (complaint); *In re Cox*, 4 B.R. 240, 6 B.C.C. 434 (S.D.Ohio 1980) (complaint); *In re Bagley*, 1 B.R. 116, 5 B.C.D. 901 (E.D.Pa.1979) (complaint); Cf. *In re Hill, Jr.*, 4 B.R. 310, 6 B.C.D. 307 (N.D.Ohio 1980) (Application); *In re Van Gorkom*, 4 B.K. 689, 2 C.B.C.2d 477 (D.S.D. 1980) (Request); contra, *In re James Alvin*

*and Grace Stegen Ohnstad*, 6 B.C.D. 6 (D.S. D.1980) (Allowed by making § 522(f) election in Chapter 13 petition before confirmation).

We now come to the second issue, and that is when must a debtor file a complaint to avoid the lien under § 522(f). Neither the rules, nor the Code, seem to shed any light on this question.

However, an examination of § 524(c) of the Code might give one a clue as to the answer.

That section provides that an agreement between a debtor and a creditor for a reaffirmation must be made at or before the granting to the debtor of his discharge, which, in this district is granted at the discharge hearing held pursuant to § 524(d) of the Code. That hearing is held approximately 60 days after the first date set for the § 341(a) meeting because in this district creditors are given that period of time within which to file complaints objecting to discharge under § 727 or determining a debt to be non–dischargeable under § 523.

It seems to me that debtors in order to comply with the purpose and intent of § 524(c), must know with some degree of certainty whether a reaffirmation agreement may have to be negotiated in order to permit the retention of property pledged as security before the grant of the discharge. Otherwise it may be too late to negotiate a reaffirmation agreement.

Therefor, in order to effectively carry out the provisions of the Code and to obtain finality of a determination of the rights of all parties, it seems to me that a debtor must file a complaint to avoid a lien under § 522(f) at or before the discharge hearing. At that point there is sufficient time to negotiate a reaffirmation agreement or continue the discharge hearing to permit such negotiation.

This case in particular points out the need for proper timing of the filing of the complaint.

As indicated earlier, the debtor chose the federal exemptions rather than the state exemptions.

Under the federal claim of exemption there arises a valuation issue because the lien avoided under § 522(f) is only to the extent the lien impairs the exemption. Therefor, a valuation is necessary to determine the exact amount avoided. In other words, the lien on household furniture is only avoided to the extent of the value exempt, which under § 522(d)(3) is $200.00 per item. Hence if an item is worth $500.00 and the lien of $200.00 is avoided, the creditor retains a lien of $300.00. Under those circumstances it might have been advantageous for the debtor to try to reaffirm the debt in order to keep the item involved. If, on the other hand, the debtor here had chosen the state exemption on household furniture, no valuation issue would have arisen since under California law such items are exempt regardless of value. Hence there might not have been a need to reaffirm any of the debt.

In addition to the need in relation to a reaffirmation, there must be some finality to a bankruptcy proceeding. It is not proper for a debtor to sit back and do nothing in protecting his rights, wait for the creditor to take some action and then decide what he wants to do.

If the debtor has not made a timely claim of exemption or timely filed a complaint to avoid a lien, then he should be barred from doing so. If a creditor must timely act to protect his rights, there is no reason not to demand the same of a debtor, particularly when the rights asserted are for the debtor's benefit.

For these reasons, the debtor's motion for an injunction is denied, the debtor having failed to act timely to protect her rights.

Pursuant to FRCP 52, this Memorandum of Opinion shall constitute the Findings of Fact and Conclusions of Law herein.