In re James Ross PORTER and Janice Lee Porter, Debtors.

ASSOCIATES FINANCIAL SERVICES OF OKLAHOMA, INC., Plaintiffs,

v.

James Ross PORTER and Janice Lee Porter, Defendants.

Bankruptcy No. BK–80–01651.
Adv. No.' 81–042.

United States Bankruptcy Court,
W. D. Oklahoma.

April 24, 1981.

David O. Beal, Oklahoma City, Okl., for Associates Financial Services of Oklahoma, Inc.

Ronnie R. Singerman, Oklahoma City, Okl., for James Ross and Janice Lee Porter.

MEMORANDUM ORDER

ROBERT L. BERRY, Bankruptcy Judge.

*Statement of the Case*

This matter is before the Court on the defendant/debtors' Motion to Avoid the Plaintiff/Creditor's Lien under 11 U.S.C. § 522(f), such Motion having been filed

more than three months after the debtors' discharge entry and after the plaintiff commenced an action to recover the goods subject to the lien. Plaintiff urges that defendant's Motion be denied as untimely.

### Facts

The facts as stipulated by the parties are that James and Janice Porter, joint debtors and defendants herein, entered into a loan agreement with Associates Financial Services Company of Oklahoma, Inc., plaintiff herein, on October 4, 1979. Pursuant to this loan agreement, Associates loaned the Porters $3,713.99 and the Porters conveyed a security interest to Associates in certain household goods.

On August 15, 1980, the Porters filed a joint voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code. Associates was listed as a secured creditor on Schedule A–2 of the Porters' petition. On their Schedule B–4 of the bankruptcy petition, the Porters claimed all household goods as exempt.

On November 10, 1980, the Porters received a discharge in bankruptcy. At no time prior to the discharge did the Porters attempt any action to avoid Associates' lien.

On February 2, 1981, Associates filed a replevin action in the Oklahoma state courts seeking to recover the items covered by their security interest. On joint motion that case was removed to this Court.

On February 23, 1981, the Porters filed a Motion to Avoid Associates' Lien under the provisions of 11 U.S.C. § 522(f).

These facts, as stipulated, do not indicate any type of ongoing negotiations or other discussions between Associates and the Porters regarding the lien prior to the discharge.

### Law

Defendant's Motion is predicated on 11 U.S.C. § 522(f) which provides in pertinent part:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

\*   \*   \*   \*   \*   \*

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;"

Associates urges that the Porters should be barred from asserting rights under § 522(f) after the bankruptcy discharge has been entered. Associates relies on the case of *In re Adkins*, 7 B.R. 325 (Bkrtcy.S.D.Cal.1980), in which the facts were nearly identical with those involved here. That court was faced with the same issues which now confront us, namely, whether the lien avoidance provisions of § 522(f) require some affirmative action on the part of the debtor involving notice to the creditor, and if so, whether there is a time limitation within which the debtor must take such action. As to the first question, the court said:

" . . . That section [522(f)] permits a debtor to avoid a non-purchase money, non-possessory lien on certain types of property enumerated therein to the extent such lien impairs the debtor's exemption. The section is permissive. It is not automatic. It permits a debtor to avail himself of its lien avoidance provisions. But if the debtor does not choose to avoid the liens, it seems to me that the lien is not avoided. In other words, the debtor must act affirmatively to avail himself of the provisions of § 522(f)."

The above conclusion is further supported by the legislative history of the Bankruptcy Code. In House Report 95–595, 95th Cong.; 1st Sess. (1977), at pages 293–297, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6250–6254, there appears the following in part:

"The following table lists matters that will be dealt with by the Rules of Bankruptcy Procedure or by local rules of court:

\*     \*     \*     \*     \*     \*

"(95) Procedure for debtor to avoid non-purchase money security interest in household goods, tools of the trade, or health aids;"

The *Adkins* court next considered the question as to what action would be required by the debtor for him to exercise his rights under § 522(f):

"... § 405(d) of the Bankruptcy Reform Act provides that the rules of procedure in effect on September 30, 1979, shall apply to cases under Title 11, U.S. Code (the Bankruptcy Code), to the extent not inconsistent therewith.

"An examination of the rules of Bankruptcy Procedure in effect on September 30, 1979, reveals that Rule 701 provides that the Adversary Proceeding Rules apply to proceedings instituted to determine the validity, priority or extent of a lien or other interest in property. Rule 701(3).

"It cannot be gainsaid that the avoidance of a lien provided for in § 522(f) is the type of action referred to in Rule 701(3). It therefore seems that a party seeking to avoid a lien under § 522(f) must comply with the provisions of Part VII of the Rules of Bankruptcy and file a complaint seeking the relief sought unless Part VII is somehow inconsistent with the provisions of Title 11, U.S.Code. I cannot conclude that to be the case."

Again we agree with the *Adkins* court's reasoning. In accordance with the Rules of Bankruptcy Procedure, proceedings by the debtor to avoid a creditor's lien under § 522(f) must be instituted by complaint.

Finally, we must determine whether there should be a time within which such a complaint must be filed. In *Adkins*, the court said:

"... Neither the rules, nor the Code, seem to shed any light·on this question.

"However, an examination of § 524(c) of the Code might give one a clue as to the answer.

"That section provides that an agreement between a debtor and a creditor for a reaffirmation must be made at or before the granting to the debtor of his discharge, which, in this district is granted at the discharge hearing held pursuant to § 524(d) of the Code....

"It seems to me that debtors in order to comply with the purpose and intent of § 524(c), must know with some degree of certainty whether a reaffirmation agreement may have to be negotiated in order to permit the retention of property pledged as security before the grant of the discharge. Otherwise, it may be too late to negotiate a reaffirmation agreement.

"Therefor, in order to effectively carry out the provisions of the Code and to obtain finality of a determination of the rights of all parties, it seems to me that a debtor must file a complaint to avoid a lien under § 522(f) at or before the discharge hearing. At that point there is sufficient time to negotiate a reaffirmation agreement or continue the discharge hearing to permit such negotiation.

\*     \*     \*     \*     \*     \*

"In addition to the need in relation to reaffirmation, there must be some finality to a bankruptcy proceeding. It is not proper for a debtor to sit back and do nothing in protecting his rights, wait for the creditor to take some action and then decide what he wants to do.

"If the debtor has not made a timely claim of exemption or timely filed a complaint to avoid a lien, then he should be barred from doing so. If a creditor must timely act to protect his rights, there is no reason not to demand the same of a debtor, particularly when the rights asserted are for the debtor's benefit."

In addition to the practical considerations expressed by the *Adkins* court, it may very well be that the Code itself requires this result. Section 522(i)(1) provides in part:

"If the debtor avoids a transfer ... under subsection (f) ... of this section, the debtor may recover in the manner

prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section."

The referred to § 550 above deals with recovery of property from a transferee after the transfer has been avoided. One limitation placed on such recovery is found in § 550(e):

"An action or proceeding under this section may not be commenced after the earlier of—

(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; and

(2) the time the case is closed or dismissed."

If, under §§ 522(i)(1) and 550(e), an action to recover property from a transferee in an avoided transfer cannot be commenced after a case is closed, it naturally follows that the initial action to avoid the transfer also cannot be commenced after the case is closed.

### Conclusion

Considering the stipulation of facts indicating that there was no ongoing conversations between the parties and applying the foregoing authorities, this Court concludes that the debtors' lien avoidance powers under 11 U.S.C. § 522(f) are permissive in nature and require that the debtor commence an action, prior to the discharge hearing, in order to exercise them. Therefore, since the debtors herein failed to take such action, their Motion to Avoid the Plaintiff's Lien, filed more than three months after discharge, must be denied and the plaintiff be allowed to proceed with the replevin action.

IT IS SO ORDERED.