In the Matter of Wendell J. MONTNEY and Helen Montney, Debtors.

Wendell J. MONTNEY and Helen Montney, Plaintiffs,

v.

BENEFICIAL FINANCE CO. OF MICHIGAN, Defendant.

Bankruptcy No. 80–03834–B.
Adv. No. 81–0973–B.

United States Bankruptcy Court, E. D. Michigan, S. D.

Jan. 26, 1982.
As Amended Feb. 2, 1982.

354

Professional Legal Centers, P. C. by Patrick Conway, Detroit, Mich., for plaintiffs.

John A. Dent, Pontiac, Mich., for defendant.

## OPINION

**GEORGE BRODY, District Judge.**

This case deals with the question as to whether there is a time limit within which a debtor must institute an action to avoid a nonpossessory, nonpurchase money lien on exempt property under section 522(f) of the Bankruptcy Code.

Wendell J. Montney and Helen Montney (debtor) filed a voluntary petition in bankruptcy under Chapter 7 on July 9, 1980. Routinely, the debtors received their discharge, and the case was closed.

Prior to the filing of the bankruptcy petition, the debtor borrowed a total of $3,119.78 from Beneficial Finance Company (Beneficial) and executed a nonpossessory, nonpurchase money security interest in household goods to secure payment of the loans. The debtor claimed this property as exempt up to the $200 per item limitation in section 522(d)(3) of the Code. After the petition was filed, the debtor filed an application to reaffirm this debt. However, at the reaffirmation hearing, counsel for the debtor withdrew the application after he, in response to a question from the court, first became aware of section 522(f).

After the case was closed, Beneficial filed a complaint in the state court to recover the household goods and obtained an order to show cause why the debtors should not surrender the collateral. Upon application of the debtors, Beneficial was restrained from taking any action to recover the property in the state court until further order of this court. Debtor subsequently filed a complaint in this court to determine the status of Beneficial's lien. Beneficial moved for a summary judgment contending that the Code requires a debtor to institute an action to avoid a lien avoidable under section 522(f) prior to the discharge hearing, or alternatively, prior to the closing of the case. Since the debtor did not do so, Beneficial contends its lien is valid.

At the hearing on the motion for summary judgment, Beneficial additionally contended that the court had no jurisdiction to hear this controversy since the case had not been reopened. The debtor had filed an application to reopen, but did not submit an order for entry. The order was presented at the conclusion of Beneficial's argument, and was signed by the court at that time.

■ Section 2(a)(8) of the Bankruptcy Act enabled the court to "reopen estates for cause shown". Additionally, Rule 515 of the Rules of Bankruptcy Procedure provides that "a case may be reopened on application by the bankrupt or other person to administer assets to accord relief to the bankrupt or for other good cause." If the application stated facts which reasonably satisfied the court of the requisite "cause" for reopening, the courts routinely entered such orders ex parte. *See, e.g., In re Thomas,* 204 F.2d 788 (7th Cir. 1953); *In re Hopkins,* 11 F.Supp. 831 (W.D.N.Y.1934); 1 *Collier on Bankruptcy* § 2.51 (14th ed. 1978); Annotation, *Reopening an Estate in Bankruptcy,* 41 A.L.R.2d 984, § 16 (1955). Section 350 of the Bankruptcy Code adopts Rule 515,[1] and similarly provides that the court may reopen a case "to accord relief to the debtor or for other cause." Prior law has not been changed by the enactment of section 350. At the hearing on January 5, 1982, it was evident from the complaint and the application that there was sufficient cause to reopen the case and, accordingly, the order of reopening was entered. The order reopening the case having been entered, the questions presented on the merits are now properly before the court.

Section 522(f) provides as follows:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

---

1. "The Rules will prescribe the procedure by which a case is reopened and how it will be conducted after reopening." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 338 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 49 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5835, 6294. The Rules of Bankruptcy Procedure remain in effect to the extent not inconsistent with the Code. P.L. 95–598 § 405 (1978).

(1) a judicial lien;  or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor, or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

Section 522(f) does not contain a time limit within which an action to invalidate a 522(f) lien must be instituted. The question presented, therefore, is whether other Code sections or equitable considerations impose such a limit.

In support of its contention that a section 522(f) action must be instituted prior to the completion of the section 524(d) discharge hearing, Beneficial relies on *In re Adkins*, 7 B.R. 325 (Bkrcty.S.D.Cal.B.J.1980). In *Adkins*, the court upheld the argument now made by Beneficial based upon the following rationale:

[D]ebtors, in order to comply with the purpose and intent of § 524(c), must know with some degree of certainty whether a reaffirmation agreement may have to be negotiated in order to permit the retention of property pledged as security before the grant of the discharge. Otherwise it may be too late to negotiate a reaffirmation agreement.

Therefor[e], in order to effectively carry out the provisions of the Code and to obtain finality of a determination of the rights of all parties, it seems to me that a debtor must file a complaint to avoid a lien under § 522(f) at or before the discharge hearing. At that point there is sufficient time to negotiate a reaffirmation agreement or continue the discharge hearing to permit such negotiation.

**2.** Section 506(a) provides that claim of a creditor is secured only to the extent of the value of

*Id.* at 327. *Accord, In re Porter*, 11 B.R. 578 (Bkrtcy.W.D.Okl.1981); *In re Krahn*, 10 B.R. 770, 7 B.C.D. 767 (Bkrtcy.E.D.Wis. 1981).

■ However, there is no justification for arbitrarily equating the date fixed for the discharge hearing pursuant to section 524(d) with the time within which a debtor must file a section 522(f) complaint.

The fact that it may be in a debtor's best interest to avoid liens under 522(f) before his time to reaffirm passes, is not a valid reason for saying he must do so before discharge or forfeit the right to do so. In most cases the exemption covers the security in its entirety and no need to reaffirm arises.

*In the Matter of Swanson*, 13 B.R. 851, 5 C.B.C.2d 52, 8 B.C.D. 13, 14 (Bkrtcy.D.Idaho 1981).

■ Section 524(d) and section 522(f) are debtor-oriented provisions. Section 524(d) attempts to protect debtors from entering into ill-advised debt reaffirmation. H.R. Rep.No. 95–595, 95th Cong., 1st Sess. 172 (1977) (statement of David H. Williams, Bureau of Consumer Protection, Federal Trade Commission); *see also*, Report of the Commission on Bankruptcy Laws of the United States, H.R.Doc.No. 93–137, 93d Cong., 1st Sess. Part I 177 (1973). Section 522(f) serves a different purpose. Under the Bankruptcy Act, a creditor holding a security interest in household goods, property which had no intrinsic value but which had a high replacement cost, could threaten to repossess unless the debtor paid the entire debt secured by the lien. Section 522(f), in conjunction with section 506(a), eliminates this threat.[2] The fact that the time within which a debtor may reaffirm a debt pursuant to section 524(d) has elapsed is no reason to deprive the debtor of the power conferred on him by section 522(f).

The argument that the debtor must institute a section 522(f) action before the case

the security.

is closed is based upon the interpretation given to section 522(i)(1) by *In re Porter, supra.* Section 522(i)(1) provides that if a debtor avoids a transfer under subsection (f) or (h) of section 522,

> the debtor may recover in the manner prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section.

Section 550, which is incorporated in section 522(f) by section 522(i)(1), provides that an action to recover property from a transferee after a transfer has been avoided, but further provides that an action to do so

> may not be commenced after the earlier of—
>
> (1) one year after the avoidance of the transfer on account of which recovery under this section is sought; and
>
> (2) the time the case is closed or dismissed.

11 U.S.C. § 550(e).

In light of these provisions, *Porter* concludes that

> [i]f, under §§ 522(i)(1) and 550(e), an action to recover property from a transferee in an avoided transfer cannot be commenced after a case is closed, it naturally follows that the initial action to avoid the transfer also cannot be commenced after the case is closed.

11 B.R. at 581.

Notwithstanding *Porter,* the above-mentioned sections do not mandate such a result. Admittedly, section 550 would preclude the debtor from instituting an action to recover property from a transferee after the case was closed. It does not follow, however, that a debtor may not, after a case is closed, rely on 522(f) to avoid a lien on property in his possession. A debtor may claim as exempt not only property in his possession, but also property which has been transferred if such property is subject to exemption, and if

(1)(A) such transfer was not a voluntary transfer of such property of the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section. § 522(g).

In addition, section 522(h) provides that the debtor may avoid a transfer of property which he could claim as exempt under section 522(g)(1) if "(1) such transfer is avoidable by the trustee under §§ 544, 545, 547, 548, 549, or 724(a) ...; and (2) the trustee does not attempt to avoid such transfer." Section 522(i)(1) merely makes it clear that if the debtor intends to recover such property, the debtor must institute an action to do so within the time limits imposed upon the trustee by section 550(e).

■ The Code distinguishes between the "concepts of avoiding a transfer and recovering from a transferee." H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 375 (1977); S.Rep.No. 95–989, 95th Cong., 2d Sess. 90 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5876, 6331. Section 550 deals only with the right of a trustee to recover property after a transfer has been avoided. The time limit imposed on a trustee to avoid a lien on property in the estate's possession is dealt with by section 546(a).[3] While section 546(a) also contains a time limitation, section 546(a) is not made applicable to a section 522(f) action. If Congress had intended to impose a time limit within which debtors had to institute a section 522(f) action, it could have done so either by so stating in section 522(f) or by referring to the time limit prescribed by section 546(a) in section 522(i)(1), as it did with reference to section 550(e). Congress did not do so. The omission is not unintentional. The drafters of the Code consciously omitted any reference to the time within which a

---

**3.** Section 546(a) provides that:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

> (1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; and
>
> (2) the time the case is closed or dismissed.

section 522(f) action had to be instituted. They intended that if a time limit was to be imposed, it was to be imposed by the Rules of Bankruptcy Procedure to be promulgated, or by local rule. H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 293, 297 (1977), U.S. Code Cong. & Admin.News 1978, pp. 6250, 6254.[4] Rules of Bankruptcy Procedure for the Code have not as yet been promulgated, and this court has not adopted a local rule requiring a debtor to institute a section 522(f) action within a stated time. A debtor may, therefore, rely on section 522(f) even after a case is closed unless equitable considerations dictate otherwise.

Beneficial contends that the failure of the debtor to take any action with respect to the lien prior to the closing of the case and the incurring of costs and attorney fees in instituting a state court action constitute equitable grounds for denying relief to the debtor. Beneficial was aware that the debtor filed a bankruptcy petition and claimed as exempt the property subject to its lien. From the inception of the case, therefore, Beneficial was aware that its lien was subject to attack. Additionally, Beneficial was informed that the debtor was withdrawing its application to reaffirm the debt because the lien was invalid. Beneficial instituted the state court action with knowledge that its lien was subject to attack. There are no equitable considerations that justify the court invoking any equitable doctrine to bar the debtor's right to rely on section 522(f). *In re Swanson, supra; In re Bennett*, 13 B.R. 643, 4 C.B.C.2d 1317, 13 B.R. 643 (Bkrtcy.W.D.Mich.1981).

However, counsel for Beneficial is entitled to compensation for the time he devoted to negotiating the reaffirmation agreement which the debtors did not enter into after their attorney became aware of section 522(f). There is no justifiable reason, however, for the debtor to bear this cost. When an attorney undertakes the representation of a debtor, he represents that he has at least a sufficient knowledge of the Bankruptcy Code to protect his client and to obtain for him the relief intended for him by the Code. Undertaking to represent a client while unaware of the existence of section 522(f) is inexcusable. Beneficial, accordingly, may notice for hearing an application for reimbursement of the expenses incurred with respect to the negotiation of the reaffirmation agreement. Any reimbursement ordered is to be satisfied by counsel for the debtors personally.

The lien of Beneficial is invalid to the extent it relates to property allowable as exempt and so claimed. To the extent that the value of the property exceeds the claimed and allowable exemptions, it is not affected by section 522(f).

An additional issue needs addressing. Requiring counsel for the debtor to file a complaint to avoid a section 522(f) lien in cases where the lien is clearly voidable creates unnecessary work for counsel, costs for the debtor, and places an unnecessary burden on the office of the clerk. To eliminate the filing of unnecessary complaints, the following procedure is suggested. Counsel for the debtor, if he determines that a creditor holds a lien voidable by section 522(f), is to request the creditor to stipulate to the entry of an order avoiding the lien. If the creditor does not agree to do so, thereby requiring the debtor to file a complaint, and if the court determines that the creditor does not have a colorable defense to the action, the court will look with favor upon a motion for reimbursement of costs and attorney fees.[5]

An appropriate order to be submitted.

---

4. The legislative history states that "the following table lists matters that will be dealt with by the Rules of Bankruptcy Procedure or by local rules of court ... (95) procedure for debtor to avoid non-purchase money security interest in household goods, tools of trade, or health aids."

5. There was no need to file an original 522(f) complaint in this court. Counsel could have reopened the case removing the state court proceeding, and pleaded section 522(f) as a defense.