**In the Matter of Gene Haywood RUSSELL and Janet Lynn Russell, Debtors.**

**Gene Haywood RUSSELL and Janet Lynn Russell, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 81–857.**
**Adv. No. 81–1418.**

United States Bankruptcy Court,
W. D. Pennsylvania.

June 2, 1982.

Robert L. Murphy, Monroeville, Pa., for plaintiffs.

Judith K. Giltenboth, Asst. U. S. Atty., W. D. Pa., Pittsburgh, Pa., for defendant.

### MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is the complaint of Gene Haywood Russell and Janet Lynn Russell v. The United States of America for the avoidance of liens pursuant to 11 U.S.C. § 522(f). Defendant, United States of America, herein assignee-creditor, alleges that the complaint to avoid liens, filed subsequent to debtors' discharge hearing, was untimely filed. Therefore, it argues, the Department of Housing and Urban Development can act against the property to obtain repayment of the loan it guaranteed. The defendant further requests that this Court stay decision in the case at bar pending the Third Circuit's resolution of the constitutionality of retroactive application of § 522(f) to avoid pre-enactment liens.

The Third Circuit has recently resolved this issue in *In re Ashe*, 669 F.2d 105 (3rd Cir. 1982), wherein it was held that the application of § 522(f) to pre-enactment liens is constitutional. Therefore, the only issue remaining in the case at bar is the time in which complaints to avoid liens pursuant to § 522(f) of the Bankruptcy Code must be filed.

For the reasons that follow, the Court concludes that the complaint to avoid a judicial lien, filed after the occurrence of the debtors' discharge hearing, was timely

filed. Accordingly, the Court will grant the relief requested in debtors' complaint.

The parties have stipulated to the facts as follows. On March 22, 1978, debtors borrowed the sum of $7,500 from Pittsburgh National Bank (hereinafter "PNB") for the purpose of home improvements. The United States of America was guarantor of this obligation. On April 17, 1978, PNB entered judgment against the debtors in the Court of Common Pleas of Allegheny County in the amount of $16,473.89. Debtors filed a voluntary petition in bankruptcy under Chapter 7 of the Code on April 1, 1981, whereupon defendant was forced to pay the outstanding balance of $7,267.07 to PNB. On May 12, 1981, PNB assigned its claim against the Russells to defendant U. S. A. On May 27, 1981, PNB assigned all its right, title and interest in the judgment to defendant.

Plaintiffs' residence has a fair market value of $52,900, and is encumbered by a first mortgage to Standard Savings and Loan in the amount of $41,121.18. Plaintiffs claim their equity as exempt pursuant to § 522(f); and both parties agree that the judicial lien impairs debtors' exemption. Debtors' discharge hearing occurred on July 1, 1981. On August 26, debtors filed the complaint to avoid liens at issue in the case at bar.

Defendant contends that the post-discharge hearing complaint to avoid liens was untimely filed. In support of its contention, defendant cites *In re Adkins*, 7 B.R. 325 (Bkrtcy.S.D.Cal.1980), wherein it was held that a debtor's complaint to avoid nonpossessory, nonpurchase-money security interests under § 522(f) must be filed at or before debtor's discharge hearing. The Adkins court acknowledges that neither the Code nor the Bankruptcy Rules specify the time in which such a complaint must be filed. However, the Court looks to § 524(c) of the Code for further illumination. Section 524(c) requires that an agreement between a debtor and creditor for a reaffirmation must be made at or before the discharge hearing. The Court cites "finality of a determination of all parties" (p. 327) as a policy consideration for its decision that a complaint to avoid liens must also be filed at such time.

In accord with this holding is the decision in *In re Porter*, 11 B.R. 578 (Bkrtcy.W.D. Okla.1981), wherein it was also held that a debtor must commence a lien avoidance action under § 522(f) prior to the discharge hearing.

As previously stated, neither the Code nor the Rules specify the time in which such complaints must be filed. In light of this uncertainty, other courts have reached different resolutions of the same issue. In *Matter of Montney*, 17 B.R. 353 (Bkrtcy.E. D.Mich.1982), the Court held that neither § 522(f) nor any other Code provision contains a time limit for debtor's commencement of a complaint to avoid liens. Therefore, such a complaint does not have to be instituted prior to the discharge hearing. In *Matter of Swanson*, 13 B.R. 851, 8 B.C.D. 13 (Bkrtcy.D.Ida.1981), the Court similarly states: "Congress has not placed any statutory limitation on the exercise of the right, and I know of no legal doctrine at common law or equity which would allow the court to create an arbitrary time limitation on the exercise of this legal right." (p. 14). Further, it has recently been held that a debtor's right to avoid a lien pursuant to § 522(f) is not extinguished by the failure of his attorney to comply with a local rule requiring that such complaints be filed on or before the discharge hearing date. *In re Newton*, 15 B.R. 640, 8 B.C.D. 514 (Bkrtcy. W.D.N.Y.1981).

This Court is in agreement with the foregoing decisions. In light of the Code's silence on this issue, the Court is reluctant to impose a time restriction which may not have been intended by Congress. Further, the Adkins court looks to § 524(c) in support of its conclusion that a complaint to avoid liens must be filed at or before the discharge hearing. Section 524(c) clearly specifies that a reaffirmation agreement must be made prior to the discharge hearing. In contrast, § 522(f) is silent on when a complaint to avoid liens must be filed. By negative implication, the Court con-

cludes that if Congress had intended to impose a similar time restriction upon the filing of complaints to avoid liens, it would have so stated.

Further § 350(b) of the Code provides that a case may be reopened to accord relief to the debtor or for other cause. The legislative history indicates that the court may permit the reopening of a case so that the trustee may exercise an avoiding power. House Report No. 95–595, 95th Cong., 1st Sess. (1977) 338; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 49, U.S.Code Cong. & Admin.News 1978, p. 5787. As stated in *In re Newton, supra.*, "Section 350(b) read in conjunction with § 522(f) expresses a Congressional intent that the debtor be given time to make the 522(f) motion . . ." (15 B.R. 640, 8 B.C.D. at p. 515) This Court is in accord.

Based on the foregoing, the Court concludes that the debtors' complaint to avoid liens pursuant to § 522(f), filed after the occurrence of the discharge hearing, was timely filed. Accordingly, the Court will grant the relief requested in plaintiffs' complaint.

An appropriate order will be entered.