**In re Eugene HALL and Daisy Hall, his wife, Debtors.**

**Bankruptcy No. 81–03507 T.**

United States Bankruptcy Court, E. D. Pennsylvania.

Aug. 25, 1982.

---

John Edward Jones, III, Pottsville, Pa., for debtors.

Jack F. Wolf, Pottstown, for Avco Financial Services.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The debtors have filed an application to reopen their Chapter 7 bankruptcy case in order for this Court to consider the debtors' application under 11 U.S.C. § 522(f) to avoid judicial liens. The creditor holding the judicial liens has objected because the application to avoid the liens was made after the debtors' discharge. For reasons hereinafter given, we hold that this case is reopened for consideration of the debtors' application to avoid the judicial liens.[1]

The facts of this case are not in dispute. On September 1, 1981, the debtors, Eugene Hall and Daisy Hall, filed a Chapter 7 bankruptcy petition. On February 18, 1982, this Court entered an order discharging the debtors and entered an order closing their case. Two judicial liens in existence prior to the filing of the bankruptcy petition are

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752

held by Avco Financial Services Consumer Discount Company One (hereinafter "Avco"). The debtors' counsel did not make an application to avoid Avco's two liens while the case was open and, therefore, the liens survived the discharge. On March 22, 1982, the debtors filed an application to reopen their case along with an application to avoid Avco's two judicial liens. Avco has opposed both applications.

The sole issue presented is whether, following the granting of a discharge to the debtors, this case shall be reopened to permit consideration of the debtors' application to avoid judicial liens.

This Court's authority to reopen a case is based upon 11 U.S.C. § 350(b), which states: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." We are reopening the case at bar in order to accord relief to the debtors.

There is no uniformity in the decisions from other jurisdictions regarding the allowance of post-discharge lien avoidance applications. However, we believe that the better view is that a case should be reopened for consideration of a § 522(f) application unless equitable considerations dictate otherwise. Section 522(f) itself does not provide for any limitation of time within which a judicial lien may be avoided. Furthermore, we agree with the following reasoning set forth by the Court in In re Hart, 16 B.R. 78, 81 (Bkrtcy.D.Nebraska 1981):

> However, there is nothing in the Bankruptcy Code or Rules or the legislative history of either to indicate that § 522(f) could be invoked only prior to discharge. The imposition of an artificial deadline for filing a § 522(f) complaint in fact runs counter to the congressional intent of the section, that of protecting the debtor's exemption as well as his discharge....

of the Rules of Bankruptcy Procedure.

It would be inconsistent with the congressional scheme of fresh start to deprive an individual filing under the new Code the opportunity to regain his exempt property. The language of the exemption section should, therefore, be read to allow the fullest application of its provisions. Accordingly, post-discharge use of the exemptions through lien avoidance will be permitted.

Using similar reasoning, the Court in *In re Montney*, 17 B.R. 353 (Bkrtcy.E.D.Mich. 1982), held that a debtor may rely on § 522(f) even after a case is closed unless equitable considerations dictate otherwise. Also see *In re Newton*, 15 B.R. 640 (Bkrtcy. W.D.N.Y.1981), wherein the Court held that post-discharge § 522(f) applications were permissible in spite of a local rule of practice requiring that § 522(f) applications be made at or before the debtor's discharge hearing.

■ In the present case, only slightly more than one month elapsed between the debtors' discharge and their applications to reopen this case and avoid Avco's two judicial liens. The debtors would likely suffer substantial harm if this Court did not give them an opportunity to proceed with their § 522(f) application. Furthermore, there is no evidence that Avco relied to its detriment or was otherwise harmed by the debtors' relatively brief delay in making their § 522(f) application. In view of these factors, we find that the equitable considerations favor the debtors rather than Avco. Thus, because equitable considerations do not dictate otherwise, this case shall be reopened for consideration of the debtors' application to avoid judicial liens.