### In the Matter of Robert D. SERAFINI, Debtor.

### Robert D. SERAFINI, Plaintiff,

### v.

### UNION BANK & TRUST CO., Erie and Robert W. Parker, Jr., Trustee, Defendant.

### Bankruptcy No. 81–00774. Adv. No. 83–0099.

United States Bankruptcy Court, W.D. Pennsylvania.

April 28, 1983.

Warren W. Bentz and Clinton A. Shamp, Erie, Pa., for plaintiff.

James J. Stuczynski, Erie, Pa., for Union Bank & Trust Co.

Robert W. Parker, Erie, Pa., pro se for trustee.

## MEMORANDUM AND ORDER REFUSING TO REOPEN CLOSED CASE TO AVOID LIENS AND DENYING COMPLAINT THEREFOR

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge:

The within bankruptcy case was filed December 24, 1981 and closed June 29, 1982 after the discharge and reaffirmation hearing required by 11 U.S.C. § 524 May 12, 1982, and the granting of the debtor's discharge June 17, 1982. A petition to reopen to add additional creditors to the schedules was filed July 29, 1982 and after hearing on notice to parties-in-interest the case was reopened and the additional creditors added notwithstanding the fact that the deadline dates for objections and complaints to determine dischargeability had expired February 24, 1982. The case was again closed on approval of the trustee's report of no distribution August 25, 1982 and the matter is before us on a further Petition to reopen filed March 4, 1983 to permit the filing of an adversary proceeding to avoid the lien of a charging order obtained against the debtor's interest in partnership real estate August 25, 1981 before the initial filing of the proceeding December 24, 1981.

It is our opinion that the debtor's petition to reopen the case a second time for the scheduling of hearings on his complaint to avoid the lien of the Union Bank's Charging Order at Adversary Proceeding No. 83–0099 filed more than one year and two months after the case was initiated, eight months after it was closed the first time and six months after its second closing, should be denied.

Whether a closed bankruptcy case should be reopened to permit a debtor to obtain relief to which he would have been

entitled if seasonably applied for is a matter within the sound discretion of the Court: *In re Perlman,* 116 F.2d 49, 51 (2nd Cir.1940); *Bartle v. Markson,* 357 F.2d 517 (2nd Cir.1966), and the burden of establishing proper grounds for the allowance of such reopening is on the party seeking the same: *In re Fair Creamery,* 193 F.2d 5 (6th Cir.1952). That such reopening will be denied when applied for twelve months after the holding of the discharge hearing and seventeen months after date of the order for relief in a case in which a secured creditor was endeavoring to obtain satisfaction of the judgment sought to be avoided thru pending execution proceedings at the time of the bankruptcy filing was held in *In re Robert Lee Williams,* 17 B.R. 204 (Bkrtcy.W.D.Ky.1982) in which the Court quoted *In re Ridill,* 1 B.R. 216, 218 (C.D.Cal. 1979) to the effect that one of the purposes of bankruptcy proceedings is to:

" .... secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period.... *Crosby v. Mills,* 413 F.2d 1273 (10th Cir.1969) which adopted the reasoning in *Katchen v. Landy,* 382 U.S. 323 (86 S.Ct. 467, 15 L.Ed.2d 391) (1966)."

While reopenings to avoid liens have been allowed on the ground that no time limit is provided for applications therefor under the remedial provisions of Section 522(f) in *In re Hall,* 22 B.R. 701 (Bkrtcy.E.D.Pa.1982) and in *In Re Gene Haywood Russell, et ux,* 20 B.R. 537 (Bkrtcy.W.D.Pa.1982) *in the within Court* (Gibson, J.) and others, we think the better rule is that such relief is permissive and that when not applied for with reasonable promptness secured creditors are entitled to assume their secured status is not subject to further disruption: *In re Adkins,* 7 B.R. 325 (Bkrtcy.S.D.Cal. 1980), *In Re Porter,* 11 B.R. 578 (Bkrtcy.W. D.Okl.1981), *In re Robert Lee Williams,* supra.

 It is our view that such discretion as the Bankruptcy Court has to reopen closed cases to avoid liens should be exercised only when the creditor having the subject lien does not object, or when the relief sought is applied for within a reasonably short time after the granting of the discharge as in *In Re Hall,* supra; that the instant application filed over a year after the filing of the petition, six months after its second closing and eight months after its first should be denied, especially when the lien sought to be avoided was obtained in an adversary proceeding in which the creditor was seeking to collect his claim and had the difficulty and expense of securing a charging Order against a partner's interest in partnership property (cp. *In re Laird,* 6 B.R. 273 [Bkrtcy.E.D.Pa.1980], Goldhaber, J.) and not simply entered perfunctorily under a confession of judgment clause therefor; and that the creditor who obtained such charging order should be long since entitled at this late date to rely on the finality and unassailability of his right of lien as having been acquiesced in and conclusively adjudicated without possibility of disturbance because of its impairment of a debtor's exemption.

The right of a debtor to avoid a lien under 11 U.S.C. § 522(f) has the effect of making perfected judicial and certain other liens avoidable, but not void. They are not avoidable after a case is closed in the face of contrary equitable considerations even in jurisdictions in which their avoidance can otherwise then be obtained (*In re Hall,* 22 B.R. 701, 702 [1982]) supra. It is our conclusion that the discretion we have to open closed cases under proper circumstances should not be exercised to grant the relief here prayed for over a secured creditor's objection when the debtor procrastinated in applying therefor to the extent here involved and the lien sought to be avoided was obtained in a somewhat extraordinary adversary proceeding to effect collection in the Court of Common Pleas shortly before the case was filed.

An appropriate Order will be entered.