**BENEFICIAL FINANCE COMPANY OF VIRGINIA, Plaintiff,**

v.

**Paul Fabian LAZROVITCH, et al., Defendants.**

**Civ. A. No. 82–320–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 2, 1983.

Robert B. Hill, Petersburg, Va., Samuel W. Hixon, III, Richmond, Va., for plaintiff.

Tom C. Smith, Virginia Beach, Va., for Lazrovitchs, Haleys and Lewis'.

Stephen G. Test, Virginia Beach, Va., for Adkissons.

Melvin R. Zimm, Norfolk, Va., for Cheathams.

Ronald J. Berg, Virginia Beach, Va., for Linder.

Bruce B. Mills, Virginia Beach, Va., for Milners.

Edward T. Caton, Virginia Beach, Va., for Aldrichs.

Erwin B. Nachman, Newport News, Va., for Mills.

John Hickey, Newport News, Va., for Johnsons.

Kenneth B. Murov, Newport News, Va., for Powells.

## OPINION AND ORDER

KELLAM, Senior District Judge.

The issuance of this opinion has been delayed awaiting a decision of the Fourth Circuit in an appeal involving the same issue. That case has now been dismissed as moot.

The issue before the Court is a contention by appellant Beneficial Finance Company that the Bankruptcy Court abused its discretion by reopening this case after discharge was granted, to allow debtors to file lien avoidance complaints pursuant to 11 U.S.C. § 522(f). 18 B.R. 174 (1982). The contention is based upon two theories: (1) that lien avoidance actions cannot be filed after discharge because 11 U.S.C. § 522(i)(1) makes applicable the statute of limitations set forth in 11 U.S.C. § 550 to lien avoidance complaints, and (2) that the Bankruptcy Court failed to apply the proper standard of relief as set out in Rule 60(b) F.R.Civ.Pro., as made applicable to motions to reopen a case by Bankruptcy Rule 924.

The facts of this case show that at some time prior to filing for bankruptcy, the appellee/debtors had given appellant non-purchase money, non-possessory security interests in their household goods in order to obtain loans from appellant. Subsequently, appellees filed for bankruptcy under Chapter 7 of the Code. Although appellants were informed that there was no need to file proofs of claim, appellants nevertheless filed unsecured proof of claims with the Bankruptcy Court in three or four of these cases.

The debtors, in filing their bankruptcy petitions, failed to list the appellant as a secured creditor, and took no actions to avoid the security interests held by the appellant in their household goods. The debtors were granted discharges, and their bankruptcy estates were closed. Subsequently, appellant filed detinue actions in state court seeking to gain possession of the household goods of the debtors which were the subject of appellant's security interests.

At that juncture, the debtors were allowed to remove the detinue actions to the Bankruptcy Court, their cases were reopened, and they were granted leave to file lien avoidance complaints at that time. Appellant, Beneficial Finance Company, then appealed the Bankruptcy Court's action.

### I. *Limitations Period Under 11 U.S.C. § 550(e)*

Appellant's primary contention on appeal is that a debtor wishing to avoid a lien on a non-possessory, non-purchase money security interest under 11 U.S.C. § 522(f), must follow up on the avoidance step by "recovering" the interest in compliance with 11 U.S.C. § 550, and then "exempting" the interest under 11 U.S.C. § 522(i)(1).

The recovery step, 11 U.S.C. § 550, is entitled liability of transferee of avoided transfer, and outlines numerous protections for a transferee holding an interest which is the subject of an avoidance action. For example, the section limits a trustee's recovery powers to initial transferees of a property, immediate or mediate transferees of the initial transferee, and delineates other specific transferees against whom the trustee may not recover. The final limitation on the trustee's power to recover, and the one on which appellants rely, is found in 11 U.S.C. § 550(e) ...

(e) An action or proceeding under this section may not be commenced after the earlier of— ... (2) the time the case is closed or dismissed.

To comprehend how § 550(e) is invoked at all, it is necessary to examine the inter-relationship of these code sections. First, a debtor initiates a lien avoidance action under 11 U.S.C. § 522(f).

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is—

(2) a non-possessory, non-purchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel ...

Appellant contends that § 522(f) gives the debtor the substantive right to avoid security interests such as Beneficial's, but that in order for the debtor to actually benefit from such avoidance, he must follow two additional steps as suggested by 11 U.S.C. § 522(i)(1), which states:

If the debtor avoids a transfer or recovers a setoff under subsection (f) or (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under Subsection (b) of this section.

The language of this section implies that a debtor need not recover the property at all, but *may* do so by complying with § 550. However, § 550 does not set up any procedural method for recovery of the debtor's property interest, but instead outlines which transferees of the to-be-avoided interest may be subject to the trustee's recovery action, or in this case, the debtor's action.

This recovery step makes much sense in the context of the bankruptcy estate. Its purpose is to clarify which transferees are liable to recovery action and which are not. If these avoidance actions were brought while the estate was still open, then debtor/trustee would void the lien and the legal and equitable titles in the property concerned would merge. The property then becomes property of the estate from which the debtor may claim the exemptions he is entitled to.

However, the fundamental question in the factual context involved here is whether a debtor may avoid the lien to the extent the property would be exemptible if there were no lien on it, and the interest held by the creditor would be totally exemptible absent the lien and what possible interest remains to be "recovered" once the lien has been avoided. Certainly, if all of the creditor's interest were not exemptible he would retain a lien to the extent that the debtor couldn't claim exemptions in the property. But that is not the situation here.

There are a few courts that have applied limitation periods to the debtor's right to file lien avoidance actions. However, the great majority dealing with the question have found no such bar to the filing of these complaints after the cases were closed and discharges granted. Of particular interest to the Court is the case of *In Re Keller*, 24 B.R. 720 (Bkrtcy.N.D.Ohio, 1982). Initially, the Court had ruled that the debtor could not have their cases reopened for the purpose of filing lien avoidance complaints under 11 U.S.C. § 522(f). However, after granting the plaintiff/debtor's motion for reconsideration, the Court vacated its previous order and held that the closing of a bankruptcy case, absent equitable considerations to the contrary, is no bar to the commencement of a § 522(f) lien avoidance action. The Court noted that its original decision was based in part upon the ruling in *In Re Adkins*, 7 B.R. 325 (Bkrtcy.S.D.Cal.1980). The holding in *Adkins*, however, was not based upon the limitations period of § 550(e) as in the case at bar, but instead was based on the *Adkins* court's conviction that the deadline for lien avoidance complaints should be the same as the deadline for filing reaffirmation agreements.

In addition, the Court in *In Re Keller, supra,* based its denial of the motion to reopen upon the *Associates Financial Services v. Porter,* 11 B.R. 578 (Bkrtcy.W.D. Okla.1981). The *Porter* case held that the limitations outlined in § 550, applicable through § 522(i)(1), were also applicable to a debtor's lien avoidance action. The Court stated:

> If, under §§ 522(i)(1) and 550(e), an action to recover property from a transferee in an avoided transfer cannot be commenced after the case is closed, it naturally follows that the initial action to avoid the transfer also cannot be commenced after the case is closed. *Id.* at 581.

■ But upon reconsideration, the *Keller* court rejected this analysis, and adopted the rulings in *Montney v. Beneficial Finance Co.,* 17 B.R. 353, 357 (Bkrtcy. E.D.Mich.1982) and *Associates Financial Services v. Swanson,* 13 B.R. 851, 854 (Bkrtcy.D.Idaho 1981). In so doing the Court found that § 550(e) was not a limitation on the right of a debtor to avoid liens under § 522(f), and that absent equitable considerations to the contrary, the closing of a bankruptcy case was not a bar to the commencement of § 522(f) actions. *Id.* at 724. The Court thus reversed its earlier decision and followed the majority of courts which had dealt with the question. We concur in these decisions. *See Tarrant v. Spenard Builders Supply, Inc.,* 19 B.R. 360, 9 B.C.D. 413 (Bkrtcy.D.Ak.1982); *Modern Supply Co. v. Lee,* 21 B.R. 774 (Bkrtcy.E.D.Tenn.1982); *In Re Hall,* 22 B.R. 701, 9 B.C.D. 588 (Bkrtcy.E.D.Pa. 1982); *Russell v. United States,* 20 B.R. 537 (Bkrtcy.E.D.Pa.1982); *Johnson v. First and Merchants National Bank,* 18 B.R. 555 (Bkrtcy.D.Md.1982); *Schneider v. Beneficial Finance Co.,* 18 B.R. 274, 8 B.C.D. 1084 (Bkrtcy.D.N.D.1982); *In Re Conley,* 17 B.R. 387 (Bkrtcy.S.D.Ohio 1982); *Montney v. Beneficial Finance Co.,* 17 B.R. 353, 8 B.C.D. 931 (Bkrtcy.E.D.Mich.1982). (For other citations, see *In Re Keller,* 24 B.R. 720, 721 (1982)).

■ The Court thus holds that the Bankruptcy Court did not abuse its discretion in allowing debtors to file § 522(f) lien avoidance complaints after discharge. (See also *Matter of Leeman,* 25 B.R. 180 (Bkrtcy. Wis.1982), *Rheinbolt v. Credit Thrift of America, Inc.,* 24 B.R. 167 (Bkrtcy. 50 Ohio, W.D.1982); and *In Re Yazzie,* 24 B.R. 576 (Bkrtcy.App. 9th Cir.1982)).

## II.

■ Finding that § 550(e) did not bar debtor's lien avoidance complaints necessitates addressing appellant's other contention that the Bankruptcy Court abused its discretion by not applying standards enunciated in Rule 60(b), Fed.R.Civ.Pro. Appellant contends that Bankruptcy Rule 924 lists only two exceptions to the applicability of FRCP 60(b) to bankruptcy proceedings. One exception relates to the one year limitations period placed on a motion to reopen a case under Rule 60 F.R.Civ.Pro. In this case, the Bankruptcy Court based its order to reopen on 11 U.S.C. § 350(b) which states that a case may be reopened to administer assets, accord relief to the debtor, or for other good cause. While appellant is correct in asserting that a motion made under Rule 515, Rules of Bankruptcy Procedure, is subject to Rule 60 F.R.Civ. Pro. by way of Rule 924, it cannot be said that the Bankruptcy Court failed to follow the standards set forth by Rule 60(b). Appellant would have us read Rule 924's incorporation of Rule 60(b) to require debtors to show not only a need for relief from a court's order, but also to require a showing by debtors that they used due diligence to ascertain appellant's true status or show that they were unable to do so, but such failure amounted to excusable neglect.

The question of whether to reopen a bankruptcy proceeding lies, to a large extent, within the sound discretion of the court. While some instances might require debtors to show more than a simple need for relief, such factors are not applicable here. Appellant would have us hold debtor to a higher standard than they would apply to themselves in this case. The appellant

was fully aware of the bankruptcy proceedings and had at least an opportunity equal to the debtors to protect their interests. We find that they were not caused any undue prejudice since they were listed as unsecured creditors, and could have rectified this mistaken identification themselves if they felt harmed by such. 11 U.S.C. § 350(b) specifically states that a case may be reopened to accord relief to the debtor. *Wragg v. Federal Land Bank*, 317 U.S. 325, 63 S.Ct. 273, 87 L.Ed. 300 (1943); *Matter of Seats*, 537 F.2d 1176 (4th Cir.1976); *In Re Thomas*, 204 F.2d 788 (7th Cir.1953); *Texas Western Financial Corp. v. McCraw Candies, Inc.*, 347 F.Supp. 445 (N.D.Texas 1972); *In Re Reid*, 198 F.Supp. 689 (W.D.Va.1961). Absent a specific showing of undue prejudice to it, or detrimental reliance by it, the Court cannot impose an additional requisite on the debtor seeking to have his case reopened.

### III.

██ Bankruptcy is an equitable proceeding and rules of equity are to be applied. Applying these principles, there is another basis for permitting debtors to petition for a reopening of the bankruptcy proceedings and the filing of the lien avoidance complaint. Appellant filed its claim in this case as an unsecured claim, even though notice had been given that claims need not be filed. Had it at that time filed the claim and asserted its lien, debtor would have been alerted to file a complaint for avoidance of the lien. Having filed its claim as an unsecured claim, it lulled debtor into a position of inaction. It ought now be estopped from attempting to assert the statute of limitations in an effort to prevent the debtor from having the case reopened and being granted the right to file the complaint for avoidance of the lien. Appellant makes no contention that had the avoidance complaint been filed prior to the discharge, debtors would not have been entitled to relief. The contention is that the failure to file before the discharge bars the right to relief. Appellant ought to be estopped from raising the issue of the limitations by its action in listing its claims as unsecured and now attempting to establish it as a secured lien. Equitable estoppel is grounded in the "maxim that no man may take advantage of his own wrong" and "this principle has been applied in many diverse classes of cases by both law and equity courts, and has frequently been employed to bar inequitable reliance on statutes of limitations." *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 232–233, 79 S.Ct. 760, 762, 3 L.Ed.2d 770 (1959). The rule in this circuit is clear that to establish equitable estoppel, it is not necessary to show actual fraud. It is "only necessary to show that the person estopped, by his statements or conduct, misled another to his prejudice. *United States for Use and Benefit of Noland Co. v. Wood*, 99 F.2d 80, 82 (4th Cir.1938)." *United States v. Fidelity and Casualty Co. of New York*, 402 F.2d 893 (4th Cir. 1968). Estoppel focuses not on the intent of the party, but on the effects of his conduct upon the other party, for even if he has not waived a known right he may be estopped from enforcing it. *Saverslak v. Davis-Cleaven Produce Co.*, 606 F.2d 208 (7th Cir.1979), *cert. denied*, 444 U.S. 1078, 100 S.Ct. 1029, 62 L.Ed.2d 762. Appellant's position now is that its claim is a secured claim, all of which is contrary to its position when it filed its claim as an unsecured one. This is the very issue decided by the Fourth Circuit in *United Virginia Bank v. B.F. Saul Real Estate*, 641 F.2d 185, 190 (4th Cir.1981). There the bank first contended that the B.F. Saul Real Estate's lien covered personal property, and thereafter sought to assert the personal property was not included in the lien. The bank was prohibited from asserting the contrary position.

### IV.

The Bankruptcy Court did not abuse its discretion in reopening the case to allow the avoidance complaint to be filed. The decision of the Bankruptcy Court is therefore affirmed.