In re Thomas D. **GUINTHER** and Diane D. **Guinther**, Debtors.

Thomas D. **GUINTHER** and Diane D. **Guinther**, Plaintiffs,

v.

**CARPET BRAGGERS, INC.**, Defendant.

Bankruptcy No. 1–80–00609.
Adv. No. 1–83–0018.

United States Bankruptcy Court,
M.D. Pennsylvania.

Aug. 2, 1984.

Lawrence V. Young, York, Pa., for plaintiffs.

Carpet Braggers, Inc., Gettysburg, Pa., for defendant.

## MEMORANDUM GRANTING
## LIEN AVOIDANCE

ROBERT J. WOODSIDE, Bankruptcy Judge.

The debtors sought relief by filing a petition under Chapter 7 of the Bankruptcy Code. On February 21, 1981, the debtors received a discharge of their indebtedness under the provisions of Chapter 7. After their discharge, the debtors filed an "Application to Avoid Judicial Lien" on January 10, 1983. Carpet Braggers, Inc., the defendant, then filed an answer. At a pre-trial conference, the parties agreed to stipulate to the facts and brief the legal issues. The parties agreed as follows: That the lien in question is a judicial lien; that the real estate in question is a lot valued at approximately $7,800 which the debtors claimed as exempt on schedule B–4; and that the debtors were discharged by order of court dated February 11, 1981.

The issue before us is, Whether the discharge afforded the debtors bars them from seeking to avoid the judicial lien in favor of the defendant? The defendant, however, has couched this issue in terms that the debtors may not reopen a case after discharge in order to exercise lien avoidance. We note from the outset that this case or bankruptcy proceeding has not been closed. A discharge is not an adver-

sary proceeding nor a contested matter; in and of itself, it does not terminate a bankruptcy case. Nothing needs to be reopened because no closing of the overall case has yet occurred.

The defendants cite three cases to support its proposition that a discharge bars the debtors from initiating a lien avoidance action: *In re Porter*, 11 B.R. 578 (Bankr. W.D.Okl.1981); *In re Krahn*, 10 B.R. 770 (Bankr.E.D.Wis.1980); and, *In re Adkins*, 7 B.R. 325 (Bankr.S.D.Cal.1980). We, however, think that those cases express a distinctly minority view [1] and are grounded on erroneous interpretations of provisions of the Bankruptcy Code. We think that section 522(f) is silent as to any time limitations on the debtors' implementation of its provisions.

The debtors cite two cases in favor of the proposition that no time limitations are imposed by either the Bankruptcy Code or the Bankruptcy Rules on the debtor's time in which to file a lien avoidance action under section 522(f). Those two cases emanate from the Bankruptcy Courts for the Western District of Pennsylvania and Eastern District of Pennsylvania. *See In re Russell*, 20 B.R. 537 (Bankr.W.D.Pa.1982); and, *In re Hall*, 22 B.R. 701 (Bankr.E.D.Pa. 1982).

The *Russell* decision is analogous to the case at bar. Where the discharge was granted but the case had not closed, the court permitted the debtor to bring an application to avoid a judicial lien. Moreover, the *Russell* court expressly rejected the rationale of *Adkins* and *Porter*. *In re Russell*, 20 B.R. at 538, 539.

Although the *Hall* decision did not consider the cases of *Adkins* and *Porter*, the decision allowed debtors to reopen their closed Bankruptcy case for the purpose of

---

1. *See, contra, In re Bledsoe*, 28 B.R. 210 (Bankr. S.D.Ohio 1983); *In re Peterson*, 26 B.R. 942 (Bankr.D.Minn.1983); *In re Leeman*, 25 B.R. 180 (Bankr.E.D.Wis.1982); *In re Keller*, 24 B.R. 720 (Bankr.N.D.Ohio 1982); *In re Hall*, 22 B.R. 701 (Bankr.E.D.Pa.1982); *In re Stephenson*, 19 B.R. 185 (Bankr.M.D.Tenn.1982), *In re Russell*, 20 B.R. 537 (Bankr.W.D.Pa.1982); *In re Barner*, 20 B.R. 428 (Bankr.E.D.Wis.1982); *In re Tar-*

*rant*, 19 B.R. 360 (Bankr.D.Alaska, 1982); *In re Holyst*, 19 B.R. 14 (Bankr.D.Conn.1982); *In re Johnson*, 18 B.R. 555 (Bankr.D.Md.1982); *In re Brown*, 18 B.R. 323 (Bankr.E.D.Cal.1982); *In re Conley*, 17 B.R. 387 (Bankr.S.D.Ohio 1982); and *In re Montney*, 17 B.R. 353 (Bankr.E.D.Mich. 1982); as exhaustively cited in the debtor's brief.

avoiding a judicial lien. *In re Hall*, 22 B.R. 702. In the past, we have routinely granted the reopening of Bankruptcy cases to afford debtors more complete relief in order to facilitate their fresh start.

We therefore conclude that the debtors' discharge by no means bars their action for lien avoidance under section 522(f). Not only is the action appropriate and timely, but we will grant the lien avoidance of the defendant's judicial lien impairing the debtor's exemptions in their real estate. Since the value of the real estate has been stipulated to be $7,800, the avoidance of this judicial lien will effectively null and void the defendant's judicial lien. Accordingly, we will enter an appropriate order.