**Joseph J. NOBLE and Carole C. Noble, Plaintiffs,**

v.

**Robert D. YINGLING and Dorothy J. Yingling, Defendants.**

**Civ. A. No. 83–490 MMS.**

United States District Court, D. Delaware.

Feb. 28, 1984.

Benjamin F. Shaw, III, Georgetown, Del., for plaintiffs.

William M. Chasanov, Brown, Shiels & Chasanov, Georgetown, Del., for defendants.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

### I. *Background*

This is plaintiffs' second appeal from a bankruptcy court judgment barring as untimely their complaint to avoid a judicial lien under section 522(f) of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 *et seq.*[1] In the previous appeal this Court reversed the bankruptcy court's holding that a lien avoidance proceeding brought under section 522(f) must be filed prior to a debtor's discharge in bankruptcy. *Noble v. Yingling,* 29 B.R. 998 (D.C.Del.1983). Recognizing that the overwhelming number of published bankruptcy decisions had rejected a *per se* rule barring post-discharge avoidance actions, the Court remanded to the bankruptcy court to decide whether there

---

1. Section 522(f) provides in pertinent part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; . . . .

were equitable reasons why plaintiffs' action should be barred. Noting that the reported cases were divided on the standard and allocation of burden of proof, the Court instructed the bankruptcy judge:

> to give consideration to the following as a nonexhaustive list of equitable factors: 1) vigor with which the judgment creditors pursued the debtors prior to the filing of the bankruptcy petition, 2) communication of positions by and between debtors and judgment creditors after filing of the petition and prior to discharge, 3) motivating cause of failure to file lien avoidance complaint prior to discharge, 4) length of time between discharge and filing of lien avoidance complaint, 5) reason for the delay in filing of lien avoidance complaint, 6) prejudice to the judgment creditors, and 7) good faith, or lack thereof, of the creditors.

29 B.R. at 1003.

The facts elicited on remand are essentially uncontested. On December 5, 1979, creditors obtained a judgment against debtors from the Justice of the Peace Court. Creditors twice attempted to collect on their judgment. First, they tried to repossess an automobile but failed after learning that the automobile had been sold. They next attempted to repossess some furniture, only to be told that the furniture belonged to Mrs. Noble's mother.[2] On May 7, 1980, creditors transferred their Justice of the Peace judgment to Superior Court, giving them a lien on debtors' real property by operation of Delaware law. *See* 1 *Woolley on Delaware Practice*, Judgments § 807, at 564 (1906). Debtors filed for bankruptcy on August 14, 1980. In their petition debtors incorrectly listed creditors' judgment against them as unsecured. Their attorney, debtors explain, had failed to discover the Superior Court judgment when conducting his lien search.[3] The creditors, however, filed a proof of claim with the bankruptcy court which indicated their Superior Court judgment. Debtors and creditors never communicated directly with one another and debtors apparently never saw creditors' proof of claim because of their failure to check the bankruptcy court file.

Discharge in bankruptcy occurred on December 12, 1980. On March 5, 1981, creditors attempted to execute on their Superior Court judgment, serving a notice of sale on debtors. Debtors' attorney then wrote to the bankruptcy court on March 17, 1981, requesting that the case remain open. On March 18, 1981, debtors filed the instant lien avoidance complaint. The bankruptcy court granted summary judgment on the pleadings to defendants on September 2, 1982, holding that discharge barred the filing of a section 522(f) lien avoidance action. This Court reversed and remanded on May 16, 1983.

The bankruptcy judge held a hearing on remand at which she ruled from the bench against debtors. Considering the seven factors suggested by this Court, the bankruptcy judge found that: first, defendants had vigorously pursued the debtors prior to their filing for bankruptcy; second, the Superior Court judgment and creditors' proof of claim were public knowledge; third and fifth, the only motivating cause behind debtors' failure to file prior to discharge was inadvertence by their attorney; fourth, although the three-month delay between discharge and filing of the avoidance petition was not excessive, the thirteen-day delay that followed creditors' execution was significant; sixth and seventh, creditors acted at all times in good faith. The bankruptcy court made no express findings relating to prejudice against creditors.

## II. *Discussion*

A district Court reviewing a bankruptcy court judgment can set aside findings of

---

**2.** At oral argument counsel for creditors stated that creditors also attempted to garnish Mr. Noble's wages but discovered that he was unemployed. The Court has found no record evidence to support that statement.

**3.** The Court finds it curious that debtors listed the date of the unsecured judgment against them as May, 1980—the date of the Superior Court, not Justice of the Peace, judgment. Counsel for debtors was unable at oral argument to explain how this date came to be listed and insisted that both he and his clients did not realize the secured status of creditors.

fact only if clearly erroneous but can modify or reverse the decision if it is contrary to law. *See In re Morrissey,* 717 F.2d 100, 104 (3d Cir.1983); *In re Pigott,* 684 F.2d 239, 241 (3d Cir.1982); *In re Hollock,* 1 B.R. 212, 215 (D.C.M.D.Pa.1979); Bankruptcy Rule 8013. The Court in this case agrees entirely with the bankruptcy judge's factual findings. Her application of the law to those facts was, however, contrary to law.

■ The bankruptcy court, in effect, charged debtors with knowledge of the lien against them because of their attorney's inadvertence in failing to uncover the Superior Court judgment of record held by creditors. The Court agrees that debtors should be treated as having constructive knowledge of the judgment lien against them. Moreover, while not required under the bankruptcy statute or rules, creditors filed with the bankruptcy court a proof of claim which contained an accurate description of their interests and debtors could easily have discovered creditors' status.[4] Nonetheless, the Court must reverse the bankruptcy court's decision.

■ The decision below, if affirmed, would erect a rule barring debtors with knowledge [5] of a creditor's lien from avoiding the lien after discharge, at least where the creditor has acted in good faith. This rule would thus impose a deadline in the ordinary case requiring all avoidance actions to be filed prior to discharge. Although finality is a virtue in bankruptcy cases Congress has not legislated a limitation to filing lien avoidance actions and the Court is not empowered to create one in Congress's place. *Noble v. Yingling,* 29 B.R. at 1001–02. Congress sought in section 522(d) to protect certain exempt property from attack by creditors and created the mechanism of lien avoidance actions to supply that protection. As one bankruptcy court has explained, the right to avoid a lien under section 522(f) "is a personal right given to the debtor, independent of case administration. It is fundamentally no different than any other legal right available to an individual." *In re Swanson,* 13 B.R. 851, 854 (Bkrtcy.D. Idaho 1980). Unless and until Congress amends the Bankruptcy Code, that right may be exercised both before and after discharge in bankruptcy.

Thus, there can be no judicially imported deadline barring the filing of avoidance actions after discharge, even where the debtor knew of the creditor's lien and the creditor acted in good faith. Rather, the emerging rule is that a post-discharge lien avoidance action will be barred only if the debtor's delay has resulted in such prejudice as to warrant barring the lien avoidance relief. *See e.g. In re Barnett,* 30 B.R. 119 (Bkrtcy. N.D.Ala.1983); *Bledsoe v. Household Finance Corp.,* 28 B.R. 210 (Bkrtcy.S.D.Ohio 1983); *In re Moser,* 27 B.R. 144 (Bkrtcy.E. D.N.Y.1983); *In re Keller,* 24 B.R. 720 (Bkrtcy.N.D.Ohio 1982); *In re Tarrant,* 19 B.R. 360 (Bkrtcy.D.Alaska 1982); *In re Holyst,* 19 B.R. 14 (Bkrtcy.D.Conn.1982); *In re Schneider,* 18 B.R. 274 (Bkrtcy.D.N.Dak. 1982); *In re Conley,* 17 B.R. 387 (Bkrtcy.S. D.Ohio 1982); *but see In re Coomes,* 20 B.R. 290 (Bkrtcy.W.D.Ky.1982) (burden of proof on debtor to show justifiable excuse for delay or extenuating circumstances); *In re Towns,* 16 B.R. 949 (Bkrtcy.N.D.Iowa 1982) (debtor must file prior to discharge unless there are extenuating circumstances).

---

4. Debtors argued in their brief on appeal that Fed.R.Civ.P. 5(a) required creditors to serve a copy of their proof of claim on the debtors or their attorney. (Doc. 7 at 6–7). At oral argument, however, debtors conceded that Fed.R. Civ.P. 5(a) cannot apply because old General Order 37, which had applied the Federal Rules of Civil Procedure to bankruptcy proceedings, was abrogated in 1973 when the Bankruptcy Rules took effect. *See* 1 *Collier on Bankruptcy* ¶ 2.81, at 390.40 (14th ed. 1976); 2 *Moore's Federal Practice* ¶ 1.03[2.–0], at 151 (2d ed. 1983). Bankruptcy Rules 302(b) and 509(a), in effect at the time of the Nobles' bankruptcy

proceeding, required only that proof of claims be filed with the clerk of the district court. New Rules 3002(b) and 5005(a) have a similar requirement. Thus, although service of courtesy copies on opposing counsel may be desirable, the Bankruptcy Rules do not require it.

5. If a debtor, such as the debtors in this case, with *constructive* notice of a security interest would be barred from bringing a post-discharge avoidance action, certainly a debtor with *actual* knowledge would also be barred.

■ I find insufficient prejudice incurred by creditors to penalize debtors by depriving them of their statutorily conferred lien avoidance right. As several courts have explained, because a creditor is normally aware that his security interest is subject to avoidance by a bankrupt debtor, delay in filing an avoidance action is not in and of itself prejudicial. *See Peterson v. Thorp Credit & Thrift Co.,* 26 B.R. 942 (Bkrtcy.D. Minn.1983); *In re Yazzie,* 24 B.R. 576, 578 (Bkrtcy. 9th Cir.1982); *In re Montney,* 17 B.R. 353 (Bkrtcy.E.D.Mich.1982); *In re Swanson,* 13 B.R. at 855. In this case defendants argued below only that they incurred additional attorneys' fees and costs because of plaintiffs' delay.[6] Creditors expended fifteen dollars in filing fees and one hundred fifty dollars in attorneys' fees in executing their lien. This extra cost is attributable to plaintiffs' delay; the execution costs would have been saved if prior to discharge and prior to the lifting of the automatic stay debtors had sought avoidance. These costs do not, however, prejudice creditors so severely that the present action should be barred. The right of a debtor to free himself of liens against property which Congress has exempted under section 522(d) should not be vitiated because of some minimal additional attorney's fees and costs incurred by a creditor. The equitable solution in cases of this type is to condition the debtor's right to file his lien avoidance action on his payment to the creditor of any extra costs attributable to that delay. *See In re Barner,* 20 B.R. 428, 430 (Bkrtcy.E.D.Wis.1982); *In re Montney,* 17 B.R. at 358; *In re Bennett,* 13 B.R. 643, 644 (Bkrtcy.W.D.Mich.1981).

■ Cases may arise where a delay is so long that a creditor will be prejudiced sufficiently to bar a lien avoidance action.

There may be other cases where debtors act with such lack of good faith as to bar a post-discharge avoidance complaint. In addition, there are unsettled legal questions which, if resolved adversely to debtors, might affect the success of a delayed lien avoidance action.[7] In the instant case, however, where debtors acted in good faith and filed their lien avoidance action only four months after discharge and before the case in bankruptcy was closed, and where creditors suffered no prejudice other than the expenditure of modest court costs and attorneys' fees, debtors should not be barred from maintaining their action. The judgment will be reversed and remanded on the condition that debtors pay $165.00 to creditors.

---

**6.** At oral argument on appeal creditors also argued that the four-month delay may have prejudiced their ability to gather evidence, such as an appraisal, that might have aided them in disputing debtors' entitlement to an exemption. A four-month delay in the marshaling of evidence, especially the hiring of a real estate appraiser, does not constitute the quantum of prejudice sufficient to warrant barring a lien avoidance action.

**7.** For example, if a debtor's equity were valued as of the date he sought lien avoidance rather than as of the date he filed his bankruptcy petition, he would lose his right to avoidance under section 522(f) if he accumulated sufficient equity in the property during his delay so that the creditor's lien no longer impaired the debtor's exemption.