**In the Matter of Robert T. PARKER, Jr., f/d/b/a Parker Homes, f/d/b/a Enterprise Auto Body, Debtor.**

**Bankruptcy No. 85–1657.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 29, 1986.

C. Kathryn Preston, Tampa, Fla., for debtor.

Dane E. DiSano, Clearwater, Fla., for movant, ITT.

Stephanie Cates-Harman, St. Petersburg, Fla., trustee.

## ORDER ON MOTION TO STRIKE DEBTOR'S MOTION TO AVOID NON–PURCHASE MONEY LIEN

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this Chapter 7 proceeding is a Motion to Strike Debtor's Motion to Avoid Non-Purchase Money Lien. The Motion is filed by ITT Financial Services, Inc., (ITT), a creditor in the above-captioned case, whose lien is sought to be avoided by the Debtor pursuant to § 522(f)(2). The facts relevant and germane to a resolution of this controversy are as follows:

The case was commenced on June 26, 1985, by the Debtor. In due course ITT filed its proof of claim. On October 16, 1985, the Debtor's discharge was entered. Subsequent to the Debtor's discharge, ITT filed a replevin action in the County Court in and for Pinellas County, Florida. On or about January 21, 1986, the Debtor was served with a Complaint for Replevin filed by ITT, and an Order to Show Cause Why a Writ of Replevin should not be issued. The Debtor filed a Motion to Avoid Non-Purchase Money Lien of ITT, the lienholder, on January 27, 1986. Pursuant to the replevin action, an order was entered on February 3, 1986, by the Honorable Karl B. Grube, County Judge, in and for Pinellas County, Florida, authorizing the Clerk of the Court to issue its Writ of Replevin. ITT filed a Motion to Strike Debtor's Motion to Avoid Non-Purchase Money Lien, which is the Motion sought to be stricken by ITT.

ITT maintains that the Debtor's delay in seeking avoidance of the lien until three and one-half months after the discharge was entered and the costs of the replevin action incurred in state court by ITT constituted prejudice, therefore, the Debtor's Motion should be stricken. The issue is whether there is a time limit within which the Debtor must institute an action to avoid a nonpossessory, non-purchase money lien on exempt property under § 522(f) of the Bankruptcy Code.

Section 522(f) of the Bankruptcy Code States:

Notwithstanding any waiver of exemptions, the Debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (6) of this section, if such lien is

(1) A judicial lien; or

(2) A nonpossessory, nonpurchase money security interest in any

(A) Household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primar-

ily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) Implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor; or

(C) Professionally prescribed health aids for the debtor or a dependent of the debtor.

Section 522(f) does not contain a time limit within which an action to invalidate a § 522(f) lien must be instituted. *See Noble v. Yingling,* 37 B.R. 647 (D.Del.1984); *In re Montney,* 17 B.R. 353 (Bankr.E.D.Mich. 1982). Moreover, an emerging rule is that "a post-discharge lien avoidance action will be barred only if the debtor's delay has resulted in such prejudice as to warrant barring the lien avoidance relief." *Noble, supra,* at 650 (citations omitted).

In this case, ITT argued that they incurred additional attorneys' fees and costs because of the Debtor's delay. These costs do not, however, prejudice ITT so severely that the present action should be barred. "The equitable solution in cases of this type is to condition the Debtor's right to file his lien avoidance action on his payment to creditors of any extra costs attributable to delay." *Noble, supra,* at 651; *see also In re Webb,* 48 B.R. 454 (Bankr.E.D. Va.1985); *In re Barnett,* 30 B.R. 119 (Bankr.N.D.Ala.1983); *In re Montney, supra; In re Bennet,* 13 B.R. 643 (Bankr.W. D.Mich.1981).

In sum, whether the Court should grant the Debtor's Motion to Avoid Non-Purchase Money Lien on household goods depends upon whether substantial prejudice was incurred by ITT. The Court concludes that costs and attorneys' fees were incurred, but that the Debtor should be allowed to avoid the lien of ITT because no prejudice will occur since the Motion is conditional on the Debtor compensating by reimbursement the costs and attorneys' fees incurred by ITT.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that ITT's Motion to Strike Debtor's Motion to Avoid Non-Purchase Money Lien be and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to Avoid Non-Purchase Money Lien be and the same is hereby conditionally granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor pay costs and attorneys' fees incurred by ITT in the state court replevin action. The Motion to Avoid Non-Purchase Money Lien is conditional upon payment of ITT's costs and attorney's fees. ITT is to submit documentation of attorneys' fees and costs incurred. The determination will be set by this Court after consideration of the appropriate documentation when received.