In re Robert M. LUND, Debtor.

Robert M. Lund, Plaintiff and Counter Defendant,

v.

Bonnie M. Benoit, Defendant and Counter Claimant.

Bankruptcy No. 02–11106.
Adversary No. 03–1034.

United States Bankruptcy Court.
D. Vermont.

May 6, 2004.

Gleb Glinka, Esq., Glinka & Schwidde, Cabot, VT, for Debtor–Plaintiff.

Mark R. Moore, Esq., Law Offices of Deborah T. Bucknam, St. Johnsbury, VT, for Defendant.

### MEMORANDUM OF DECISION GRANTING PLAINTIFF'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION TO TAKE JUDICIAL NOTICE

COLLEEN A. BROWN, Bankruptcy Judge.

The Plaintiff–Debtor, Robert M. Lund, moved for summary judgment that the Defendant's *ex parte* prejudgment writ of attachment against his Concord, Vermont homestead is avoidable as a preferential transfer pursuant to 11 U.S.C. § 547(b) or, alternatively, because it impairs his homestead exemption pursuant to 11 U.S.C. § 522(f)(1)(A).[1] *See* doc. # 53. The De-

---

1. All references to statutes are to Title 11 of the United States Code ("the Bankruptcy Code") and all references to rules are to the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules"), unless otherwise noted.

fendant–Creditor, Bonnie M. Benoit, counter claimed to determine the dischargeability of debt pursuant to §§ 523(a)(2)(A) and (a)(6). *See* doc. #25. The Plaintiff then moved under Bankruptcy Rule 7012(b) to dismiss the Defendant's Counter Complaint as time-barred under Bankruptcy Rule 4007(c). *See* doc. #38.

The Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 157(b)(2)(F), (I), (K), and 1334.

Based upon *In re Benedict*, 90 F.3d 50 (2d Cir.1996), the Court dismisses the Defendant's Counter Complaint as it does not raise any dispute of material fact sufficient for the Court to extend the 60–day limit established by Bankruptcy Rule 4007(c). This Court also holds that the Defendant's writ of attachment constitutes a preference; therefore, it denies the Defendant's request to take judicial notice without comment and treats the issue of whether the writ is avoidable as impairing the Plaintiff's homestead exemption as moot. The Court's reasoning underlying these decisions is articulated below.

### I. Background

The parties present eight stipulated facts, *see* doc. #48, which this Court adopts as follows. On May 31, 2002, the Defendant filed a state court complaint against the Plaintiff in Essex County Superior Court, together with an affidavit outlining the facts supporting her case. *See id.*, Ex. 1. In reliance upon these documents the Superior Court issued the Defendant an *ex parte* prejudgment writ of attachment against the Plaintiff's homestead, which the Defendant recorded in the land records on June 20, 2002. *See id.*, Ex. 2.

On August 7, 2002, the Plaintiff filed for protection under chapter 7 of the Bankruptcy Code. In his schedules, the Plaintiff valued his homestead according to its grand list value of $93,300. On Schedule D, the Plaintiff disclosed a mortgage, given in November 1998, that secured a debt to America's Wholesale Lender for $57,786.13. On November 20, 2002, the Plaintiff sold his homestead to a Mary M. Garvey for $130,000 in an arm's length transaction.

### II. Standard of Decision

#### A. The Motion to Dismiss under Bankruptcy Rule 7012(b)

This Court must view the facts relevant to the Plaintiff's Motion to Dismiss in the light most favorable to the non-moving Defendant. "In weighing a motion to dismiss, a Court will accept as true the facts as pled by the non-moving party." *In re Peterson*, 93 B.R. 323, 324 (Bankr.D.Vt. 1988) (citing *Fine v. New York*, 529 F.2d 70 (2d Cir.1975)). However, "conclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir.1995) (quoting *In re American Exp. Co. Shareholder Litigation*, 39 F.3d 395, 400 n. 3 (2d Cir. 1994)). Thus, in the proper exercise of its discretion, this Court may narrow the facts it must consider in a light most favorable to the nonmoving party.

Furthermore, for the purposes of a motion to dismiss, the Court's inquiry must be narrow; it may only "consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken." *Id.* (citing *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir.1993)). If the Court considers matters outside of the complaint that were not excluded or subject to judicial notice, "the motion [to dismiss] shall be treated as one for summary judgment and disposed of as provided in

Rule 56." FED. R. BANKR. P. 7012(b) (invoking FED. R. CIV. P. 12(b)); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991) ("This provision of the Rules relating to extraneous material that causes a Rule 12(b)(6) motion to be translated into a Rule 56 motion is now mandatory.").

The instant matter involves a melange of factual issues, and the Court has before it a Complaint, a Counter Complaint, Answers, various motions, and replies thereto. The Court has considered and adopted the parties' Joint Stipulation of Facts with Exhibits, *see* doc. # 48, finding the stipulated facts and attached exhibits to be both relevant and important. In light of the inclusion of the exhibits, the Court now has before it matters outside the pleadings. Thus, the Plaintiff's Motion to Dismiss must be treated as a motion for summary judgement.

### B. The Motion for Summary Judgment

A court may grant summary judgment when the motion and supporting documents establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED R. BANKR. P. 7056; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "[T]he requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505 (emphasis in original). The court must determine if there are genuine disputes that require a trier of fact to resolve. *See id.* at 250, 106 S.Ct. 2505. The mere existence of disputes will not defeat a properly supported motion for summary judgment. *See id.* at 247–48, 106 S.Ct. 2505. Factual disputes only preclude summary judgment where, under the governing law, they might affect the judgment. *See id.* at 248, 106 S.Ct.

2505. Factual disputes are material where, if proven, they would satisfy an element of the law governing a legal issue or theory, or where they might otherwise affect the outcome of the issue before a court. *See id.* The substantive governing law will identify the material facts. *See id.*

Although, here, the parties are engaged in a wide range of hotly contested factual and legal disputes, the summary judgment standard, as discussed above, acts to narrow the inquiry. First, this Court must identify the governing law. Second, the governing law will identify the material facts. Third, the Court will determine if there are any genuine disputes as to these material facts. It is only here that "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. 2505. Factual disputes that are irrelevant or unnecessary are not material. *See id.* at 247, 106 S.Ct. 2505. Thus, while this Court has a strict duty to view disputed material facts in the light most favorable to the Defendant, it is not legally compelled either to accept her assertions of what facts are material or to consider non-material facts.

### III. DISCUSSION

### A. The Motion to Dismiss the Counter Complaint

The Plaintiff has filed a Motion to Dismiss the Defendant's Counter Complaint, which seeks to determine the dischargeability of debt under §§ 523(a)(2)(A) and (a)(6), on the ground that it is time barred under Bankruptcy Rule 4007(c). The Plaintiff, relying on the Supreme Court's holding in *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), argues that Bankruptcy Rule 4007(c) operates as an absolute bar where a defendant

timely raises the fact that a plaintiff did not meet the 60–day limit specified for either filing a complaint to determine dischargeability or for moving for an extension of that time period.

The Defendant argues that: (i) the Plaintiff's Motion fails to state any ground upon which this Court may grant dismissal; (ii) assuming, *arguendo*, that the Motion to Dismiss is construed as a motion for summary judgment, this Court's granting leave to file the Counter Complaint by Order dated July 21, 2003, and the Plaintiff's failure to appeal, bars the Plaintiff's Motion under the doctrine of "the law of the case;" and (iii) by this leave to file a complaint, this Court "may have found that the egregious conduct of defendant Lund ... amounted to kind [sic] of equitable defense recognized by the Supreme Court in *Kontrick*." *See* doc. # 54. The Defendant then argues that through *Kontrick* the Supreme Court "specifically acknowledged that equity based excepts [sic] to the time limits of FRBP 4007(c) citing *Farouki v. Emirates Bank Int'l Ltd.*[, 14 F.3d 244 (4th Cir.1994)]. . . . " *Id.* The Defendant asserts she "stood on her rights to rely on her perfected security interest. . . ." *Id.* The gravamen of the Defendant's Counter Complaint and objection to the Motion to Dismiss is that the Plaintiff's conduct, both during his relationship with the Defendant and by his actions in his bankruptcy case, rises to such a level of bad faith, tardiness, and deception as to provide the Defendant with a basis in equity under *Kontrick* sufficient to defeat the Plaintiff's timely pled defense that the Counter Complaint is time-barred under Bankruptcy Rule 4007(c).

To identify the controlling law, and thus the material facts, this Court now turns to *Kontrick*. In *Kontrick*, the Supreme Court faced the question whether a creditor's untimely objection to discharge, which he filed under § 727, was barred by the 60–day limitation set by Bankruptcy Rule 4004 when the debtor failed to raise this lack of timeliness before a bankruptcy court reached the merits of the creditor's case. *See Kontrick*, 124 S.Ct. at 910. Below, the bankruptcy court ruled that the 60–day time bar was "a claim-processing rule" and not "jurisdictional," and thus, the defense that an objection was time-barred had to be timely raised. The Supreme Court upheld the bankruptcy court's finding, and the two appellate affirmances, that the debtor had waived his right to raise the timeliness issue. *See id.*, 124 S.Ct. at 910, 916. However, the Supreme Court also noted that the issue of equitable exceptions was not before it. "This case, however, involves no issue of equitable tolling or *any other* equity-based exception." *Id.*, 124 S.Ct. at 916 (emphasis added). The Supreme Court stated, "Whether the Rules, despite their strict limitations, could be softened on equitable grounds is therefore a question we do not reach." *Id.*, 124 S.Ct. at 916 (footnote omitted).

Given the Supreme Court's express statements, this Court is not persuaded that the rationale of *Kontrick* provides a basis for the Defendant's assertion that she is entitled to an equity-based exception from the 60–day limit. The key issue that *Kontrick* does resolve for this Court is whether the Plaintiff timely raised the defense provided by Bankruptcy Rule 4007(c). Specifically, the Supreme Court stated:

> The Court of Appeals, we agree, followed the proper path on this key question. Time bars, that court noted, generally must be raised in an answer or responsive pleading.

*Id.*, 124 S.Ct. at 917. Looking to the record, this Court finds that the Plaintiff properly raised the defense afforded by Bankruptcy Rule 4007(c) in his Answer to

the Defendant's Counter Complaint. *See* doc. # 37. Since the Plaintiff timely raised the defense, the salient questions are whether and under what authority the Defendant has an equity-based right to proceed with her late-filed claim. As noted above, the Supreme Court did not reach the issue of equitable exceptions, and therefore, this Court must turn to the Second Circuit's jurisprudence for determining the governing law and material facts relevant to the Defendant's equitable arguments.

■■■ The Second Circuit has observed that some courts allow the extension of the 60–day deadline "if equity so requires," but held that Bankruptcy Rule 4007(c) is subject to only three specific defenses: "waiver, estoppel, and equitable tolling." *In re Benedict*, 90 F.3d 50, 54 (2d Cir. 1996). "Waiver is generally defined as an intentional relinquishment of a known right." *Id.* at 55. From the record before it, the Court finds the Plaintiff has not waived his defense. The Second Circuit has limited the remaining defenses. "Generally, equitable tolling is difficult to attain, as it is reserved for 'extraordinary or exceptional circumstances.'" *United States. v. All Funds Distributed to Weiss*, 345 F.3d 49, 54 (2d Cir.2003) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000)).

> A party seeking to benefit from the doctrine bears the burden of proving that tolling is appropriate ... as "[e]quitable tolling requires a party to pass with reasonable diligence through the period it seeks to have tolled."

*Id.* at 55 (quoting *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996)).

■■■ Equitable estoppel is an even narrower exception that applies only where a party is unaware of circumstances that toll the appropriate statute of limitations, or remains inactive, due to active deceit or reliance upon fraudulent representations. "We have also used 'equitable estoppel' to mean fraudulent concealment that postpones the running of the statute of limitations." *Pearl v. City of Long Beach*, 296 F.3d 76, 82 (2d Cir.2002). For a definition, the Second Circuit cited Judge Posner, who "uses 'equitable estoppel' to mean a bar that prevents a defendant from relying on a statute of limitations as a defense where 'the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations.'" *Id.* at 81 (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir.1990)). Thus, at a minimum, equitable tolling requires both highly unusual circumstances *and* reasonable diligence on the part of the moving party, while equitable estoppel requires active deception or induced reliance that *prevents* a party from timely bringing a claim.

■■■ Thus, here, the material facts are those that would indicate that any of the elements of equitable tolling or equitable estoppel are met. *See Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505. In looking to the associated bankruptcy case, this Court observes that the Plaintiff–Debtor listed the Defendant as a party in interest on his mail matrix and as an unsecured creditor on Schedule F of his petition. Further, the Defendant's name appears on the certificates of service for both the Notice of Bankruptcy Case and the Order of Discharge. These facts are uncontroverted. Thus, this Court finds that the Defendant had notice of the Plaintiff's bankruptcy filing, the Plaintiff's discharge of debts, and the Plaintiff's characterization of the Defendant's debt.

Equitable tolling requires reasonable diligence. The undisputed facts demonstrate that the Defendant knew of the bankruptcy, disagreed with the Plaintiff's

characterization of the debt, objected to his conduct pre-and post-petition, and did nothing to present her claims or objections to the Court, or extend her time to do so, within the prescribed 60–day period. Therefore, this Court must find as a matter of law that the Defendant's conduct does not meet the Second Circuit's requirement for reasonable diligence.

■ Equitable estoppel requires a showing that the nonmoving party either made a representation, upon which the moving party relied, that actually prevented a timely complaint or that the nonmoving party's deception rose to such a level as to actually prevent the moving party from being aware of or bringing a cause of action. In looking at the record of this bankruptcy case and this adversary proceeding, there are no factual disputes that indicate the Plaintiff failed to disclose his filing for bankruptcy protection to the Defendant–Creditor. Assuming, *arguendo,* that the Plaintiff may have misrepresented the nature of the Defendant's debt, these alleged misrepresentations were a matter of public record of which the Defendant was aware and to which she could have timely objected. It is apparently for this reason that the Defendant objects to the Motion to Dismiss on the allegation that she "stood on her rights." *See* doc. # 54. It was not until May 2003 that the Defendant objected to the Discharge Order entered by this Court on November 8, 2002. Given this chronology and these facts, this Court is bound to find that the Defendant was not reasonably diligent in bringing her objection to discharge.

■ Finally, the record reveals no material facts on the issue of whether the Defendant relied on a broken promise made by the Plaintiff in making her decision not to object and not to move for an extension of time before the 60–day bar tolled. The record also reveals no materi-

al facts indicating the Plaintiff prevented the Defendant from timely objecting to the discharge of her debt. Hence, this Court finds there are no disputed material facts that are relevant to the equitable exceptions laid out by the Second Circuit in *Benedict.* As our sister bankruptcy court has observed, "the limitations of Rules 4007(c) and 9006(b) may not be evaded by using *Benedict* to cloak a bare excusable neglect." *In re Bachman,* 296 B.R. 596, 600 (Bankr.D.Conn.2003).

As the controlling case on this issue in this Circuit, *Benedict* identifies only three narrow equitable exceptions to Bankruptcy Rule 4007(c). The Court finds the Defendant has not established any of these exceptions and further finds that the undisputed facts, even when taken in the light most favorable to the Defendant, present no genuine issue of material fact as to this issue. The Court need not address the Defendant's remaining arguments relating to her claim for an equity-based exception to the limitation imposed by Bankruptcy Rule 4007(c) as, even if they are factually controverted, they are not material.

### B. Summary Judgment Regarding the Preference

The Plaintiff argues that the *ex parte* prejudgment writ of attachment, obtained on May 31, 2002, is an avoidable preference because it occurred within ninety days of the filing of the his chapter 7 petition, which occurred on August 7, 2002. The Plaintiff further argues that all the statutory elements of § 547(b) are met because: (i) the Defendant obtained the writ in her capacity as a creditor; (ii) the writ was on account of an antecedent debt owed prior to the transfer; (iii) pursuant to § 547(f), the Plaintiff is presumed insolvent for the 90 days prior to filing bankruptcy and his Schedules corroborate this; (iv) the writ was obtained 48 days prior to the bankruptcy petition; and (v) the De-

fendant would receive payment in what was a "no-asset" case solely and directly as a result of this attachment.

The Defendant counters that the Plaintiff has not shown why his Complaint should not be barred on the basis of equity, as set forth in *Noble v. Yingling*, 37 B.R. 647, 649–50 (D.C.Del.1984). Furthermore, the Defendant argues that the Plaintiff's delay in filing the avoidance Complaint: (a) prejudiced her interests; (b) was unreasonable; (c) was allegedly motivated in whole or in part by bad faith; and (d) that the Defendant has both acted in good faith and vigorously pursued her rights. The Defendant also argues that the Plaintiff has consistently deceived the Court as to the amount and nature of the debt he owes to the Defendant.

The Plaintiff responds that the Defendant has not controverted the facts, which establish a preference. The Plaintiff contends that the Defendant's case is based only in equitable arguments, which are either directed primarily at re-litigating the already-decided matter of reopening the case, or are irrelevant to the elements of a preference. The Plaintiff also posits that the equities actually favor him because he disclosed an honest value for the property, based on the town's grand list value which the Trustee confirmed. Furthermore, the Plaintiff promptly responded to the Defendant's Motion for Modification of Post–Discharge Injunction.

■ The Court turns to the Bankruptcy Code to identify the governing law. Section 547(b) allows the recovery of a transfer of a debtor's property if the transfer was made: (1) for the benefit of a creditor; (2) for antecedent debt owed by the debtor before the transfer was made; (3) while the debtor was insolvent; (4) within ninety days of the filing of the petition; and (5) which enables the creditor to recover more than it would from a

liquidation. *See In re Kelton Motors, Inc.*, 153 B.R. 417, 423 (Bankr.D.Vt.1993). This statute "prevents creditors from hungrily consuming the debtor's assets in a first come, first served, manner." *Id.* Additionally, the legislative history indicates Congress intended to avert a "race of diligence" to dismember the debtor. *Id.* at 423 n. 9 (citing H.R. REP. No. 595 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6138). Thus, while the Defendant argues that her vigilance in pursuing her state court remedies against the Plaintiff weighs in favor of denying his Motion for Summary Judgment, Congress had precisely this type of situation in mind when it enacted § 547.

■ The facts in the record unequivocally reveal that: (a) the Defendant sought the attachment lien for her benefit; (b) the Defendant sought the lien to satisfy the Plaintiff's pre-existing debt to her; (c) the Plaintiff's schedules clearly indicate his bankruptcy case was a "no-asset" case; and (d) the enforcement of the attachment lien would allow the Defendant to recover considerably more than she would otherwise. Furthermore, there is no dispute as to: (i) the date of the writ of attachment's issuance by the Essex County Superior Court—May 31, 2002; (ii) the date of the filing of the attachment lien in the Town Records—June 20, 2002; or (iii) the date of the Plaintiff's bankruptcy filing—August 7, 2002, and that the earliest and latest of these dates are less than ninety days apart. Thus, in this instance, the Court finds that there is no dispute of material fact as to the establishment of the § 547(b) elements of a preference.

■ The only remaining issue is whether the circumstances of equity that exist rise to the level where a motion for summary judgment may not properly be granted. Given that the clear congression-

al intent in allowing the avoidance of preferences is to prevent a "race of diligence," this Court finds that the Defendant's assertions in opposition to the finding of a preference are not material. Moreover, as noted by the *Yingling* court, "because a creditor is normally aware that his security interest is subject to avoidance by a bankrupt debtor, delay in filing an avoidance action is not in and of itself prejudicial." *Yingling*, 37 B.R. at 651 (citations omitted). The Defendant's remaining argument is that the delay or, in the alternative, the Plaintiff's bad faith, somehow prejudiced her to such a degree that the preference must be allowed to stand on equitable grounds. The *Yingling* court also held that only where a debtor acts with "*such* a lack of good faith" or "the debtor's delay has resulted in *such* prejudice" is the barring of relief warranted. *See id.* at 650–51 (emphasis added). Clearly, this equitable exception requires the identification of material facts that indicate a very high level of prejudice or bad faith. The Court has already found that the delay herein was due primarily to the Defendant's inactivity and has already found that the Plaintiff's alleged bad faith did not merit this Court's refusal to reopen his case. Therefore, the Court finds that the Defendant has failed to identify disputed material facts sufficient to overcome the undisputed material facts that establish the elements of a preference.

## IV. CONCLUSION

This Court finds that the Defendant has raised no disputes to the material facts that warrant denial of either the Plaintiff's Motion to Dismiss the Defendant's Counter Complaint or his Motion for Summary Judgment. As the Court has granted the Plaintiff summary judgment that the writ of attachment is to be avoided as a preference, it finds moot the Plaintiff's request for summary judgment that the writ of

attachment is to be avoided as a liens impairing his homestead exemption.

This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law.